1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CHARLES W. BRADY,<br>CDCR # D-46786 | Civil         08-0973 JAH (BLM)<br>No. |
| 12 | |
| 13                            Plaintiff, | **ORDER:** |
| 14 | **(1)  GRANTING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*,<br>IMPOSING NO INITIAL PARTIAL<br>FILING FEE AND GARNISHING<br>$350.00 BALANCE FROM<br>PRISONER TRUST ACCOUNT<br> [Doc. No. 2];** |
| 15                   vs. | |
| 16 | |
| 17  J. VALENZUELA, et al., | **AND** |
| 18 | |
| 19                            Defendant. | **(2)  DISMISSING ACTION FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT<br>TO 28 U.S.C. §§ 1915(e)(2)(B)<br>& 1915A(b)** |
| 20 | |
| 21 | |

22        Plaintiff, a state inmate currently incarcerated at the California State Prison located in Los

23   Angeles, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42

24   U.S.C. § 1983.   Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a);

25   instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

26   § 1915(a) [Doc. No. 2].

27   ////

28   ////

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

1  are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

2  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.

3  2000) (§ 1915A).

4      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

5  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28

6  U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit

7  make and rule on its own motion to dismiss before directing that the Complaint be served by the

8  U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,

9  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

10  claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

11  § 1915A).

12      "[W]hen determining whether a complaint states a claim, a court must accept as true all

13  allegations of material fact and must construe those facts in the light most favorable to the

14  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

15  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even

16  presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state

17  a claim upon which relief can be granted and seeks monetary relief from defendants who are

18  immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213

19  F.3d at 446, n.1.

20      In his Complaint, Plaintiff alleges that he was subjected to excessive force by

21  Correctional Officer Valenzuela. (*See* Compl. at 3.) Plaintiff also attaches several exhibits one

22  of which indicates that Plaintiff was issued a "Rule Violation Report" for "resisting staff

23  resulting in the use of force" in the course of the alleged excessive force incident. (Compl.,

24  Exhibit 5(b) "Crime Incident Report, Log No. CEN-FCP-07-11-0357," dated November 29,

25  2007.) Although not entirely clear, Plaintiff appears to be seeking the restoration of his good

26  time credits that he lost at his disciplinary hearing. (Compl. at 7.)

27  ////

28  ////

1    Throughout his Complaint, Plaintiff claims that correctional officers lied in their reports

2    with regard to the incident which led him to be issued a Rules Violation Report for resisting

3    staff.  However, Plaintiff's claims that excessive force was used amounts to an attack on the

4    validity of his disciplinary hearing which resulted in the loss of good time credits, and as such,

5    will not be cognizable under 42 U.S.C. § 1983 unless and until Plaintiff is able to show that the

6    forfeiture of his custody credits has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477,

7    486-87 (1994).  In *Heck*, the Supreme Court held that "in order to recover damages for allegedly

8    unconstitutional conviction or imprisonment, or for other harm caused by actions whose

9    unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove

10    that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

11    declared invalid by a state tribunal authorized to make such determination, or called into

12    question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87.  A civil rights

13    claim challenging the legality of a conviction or the length of confinement that has not been so

14    invalidated is not cognizable under section 1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641,

15    643 (1997).

16    In order for Plaintiff to succeed on a claim for damages based on claims which, if

17    successful, would require the restoration of his custody credits, he must first demonstrate that

18    the disciplinary conviction which resulted in the forfeiture of his credits has been declared

19    invalid.  *Heck*, 512 U.S. at 486-87; *see Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973)

20    (challenges to the fact or duration of confinement are appropriately brought by petition for a writ

21    of habeas corpus, but challenges to conditions of confinement are appropriately brought pursuant

22    to § 1983).  The Court will not convert the present action into a habeas petition due to the

23    implications of the abuse of the writ doctrine.  *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th

24    Cir. 1997) (holding that district court should not treat defective section 1983 action seeking

25    restoration of custody credits as a habeas petition).

26    Plaintiff has not alleged that he has had the forfeiture of his custody credits declared

27    invalid as required by *Heck*.  Moreover, a finding of excessive force would necessarily imply

28    the invalidity of his disciplinary conviction for resisting staff.  *See Cunningham v. Gates*, 312

F.3d 1148, 1153-54 (9th Cir. 2003) (as amended) (*Heck* bars suits "based on theories that 'necessarily imply the invalidity of [the plaintiff's] conviction or sentences.'")   If Plaintiff wishes to proceed with these claims, he must allege facts demonstrating that the claims are not subject to the *Heck* bar by setting forth specific factual allegations demonstrating that he was denied due process in connection to a disciplinary proceeding which did not also result in the forfeiture of custody credits or, if custody credits were forfeited, that the forfeiture has been invalidated.

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

**III.    CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which

to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.      The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED:  July 3, 2008

JOHN A. HOUSTON
United States District Judge